Brian Yates (SBN 210667)
Xiyan Zhang (*Pro Hac Vice*)
xzhang@stratumlaw.com
Pete Wolfgram (*Pro Hac Vice*)
pwolfgram@stratumlaw.com
STRATUM LAW LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125


Attorneys for Plaintiffs
ALVANTOR INDUSTRY COMPANY, LTD. and
EIGHTEENTEK, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVANTOR INDUSTRY COMPANY, LTD., a California corporation and EIGHTEENTEK, INC., a California corporation<br><br>Plaintiffs,<br><br>        v.<br><br>UNDER THE WEATHER, LLC, an Ohio limited liability company,<br><br>Defendant. | Case No.  2:25-cv-08574<br><br>COMPLAINT FOR FALSE ADVERTISING, UNFAIR OR UNLAWFUL BUSINESS PRACTICES AND TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Alvantor Industry Company, Ltd., a California corporation and EighteenTek, Inc., a California corporation, (hereinafter "Plaintiffs"), hereby sue Defendant, Under the Weather, LLC, (hereinafter "Defendant"). Defendant is knowingly and intentionally making false representations as to the characteristics and/or qualities of the products that are for sale on the Amazon.com online marketplace. Additionally, Defendant is engaged in unfair competition through the false representations that it uses in order to market its products. Lastly, Defendant is infringing on Plaintiffs' federally registered trademarks for the use of the terms "Bubble Tent" and "PrivatePod." In support of their claims, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1.    This is a civil action for false advertising and unfair competition under the Lanham Act, 15 U.S.C. §1125(a), false advertising and unfair or unlawful business practices under California state law, and trademark infringement arising under 15 U.S.C.§ 1114. Plaintiffs seek preliminary and permanent injunctive relief as well as determination that Defendant's conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

2.    This action arises out of Defendant's false advertisement of the characteristics and/or qualities of the personal tent enclosures being advertised, offered for sale, sold, and/or distributed by Defendant. Specifically, Defendant has lied or misrepresented that the poles that comprise the internal structure of the personal enclosures are made of aluminum or fiberglass, when, in fact, they are made of steel or other ferrous metal. Additionally, Defendant is infringing on Plaintiffs' trademarks for the use of the terms "bubble tent" and "PrivatePod" in its

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

2

marketing.

3.    Upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in California and in this Judicial District via online, interactive webpages and, upon information and belief, Defendant derives substantial sales revenue from its business transactions in California and in this Judicial District. Defendant's activities have had a substantial impact on business and commerce in this district, in California, and on interstate commerce.

4.    Upon information and belief, Defendant is employing and benefiting from paid advertising and marketing and advertising strategies in order to make its Merchant Storefronts selling falsely advertised products appear more relevant and attractive to search result software across an array of search words, including but not limited to "aluminum" and "fiberglass."  By its actions, Defendant is causing concurrent and indivisible harm to Plaintiffs and the consuming public by eroding consumer trust in advertisements across the personal enclosure industry as a whole due to disappointing purchases and financial losses that resulted from purchasing decisions based on false information.

5.    Upon information and belief, Defendant is employing and benefiting from paid advertising and marketing and advertising strategies in order to make its Merchant Storefronts selling falsely advertised products appear more relevant and attractive to search result software across an array of search words, including but not limited to "Bubble Tent" and "PrivatePod."

6.    Plaintiffs therefore bring this action for false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, as amended, California state false advertising and unfair business practices law, pursuant to Cal. Bus. & Prof. Code § 17200, et seq ("FAL"), and trademark infringement arising under 15 U.S.C.§ 1114.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over the Section 43(a) Lanham Act false advertising claim and the trademark infringement claims pursuant to 28 U.S.C §§ 1331 and 1332 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 over Plaintiffs' state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

8.     Personal jurisdiction over a non-resident of the state in which the Court sits is proper to the extent authorized by the state's laws. Fed. R. Civ. P. 4(e). California authorizes personal jurisdiction over each Defendant pursuant to Cal. Civ. Proc. Code § 410.10 (the "California Long Arm Statute") which provides:

9.     A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

10.     This Section therefore has been interpreted to impose limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." *Data Disc,* 557 F.2d at 1286 (quoting *Republic Int'l Corp. v. Amco Eng'rs, Inc.,* 516 F.2d 161, 167 (9th Cir. 1975).

11.     Due process requires that a nonresident defendant have "certain minimum contacts" with the forum state such that exercising *personal jurisdiction* "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

12.     The 9th Circuit has established a three-part test that comports with this standard for specific personal jurisdiction:

"(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)

13.   Plaintiff has the responsibility to prove Prong 1 and Prong 2. Upon meeting this burden, the responsibility shifts to Defendant to demonstrate a compelling case that exercising jurisdiction would be unreasonable. *Id.*

14.   False advertising claims require an intentional tortious or "tort-like" acts, so a Court will employ the purposeful direction test for Prong 1. *See Ayla, LLC v. Alya Skin Pty. Ltd.,* 11 F.4th 972, 979 (9th Cir. 2021)

15.   The purposeful direction test for Prong 1 uses a 3-part effects test, which asks whether the defendant:

(1) committed an intentional act;

(2) expressly aimed at the forum state;

(3) causing harm that the defendant knows is likely to be suffered in the

forum.state. *Will Co. v. Lee,* 47 F.4th 917, 922 (9th Cir. 2022) (quoting *Schwarzenegger,* 374 F.3d at 803)

16.   Defendant's activity satisfies Element 1 of the purposeful direction test. It is generally accepted that selling products to residents of a forum is an intentional act. *See Herbal Brands, Inc. v. Photoplaza, Inc.,* 72 F.4th 1085, 1091 (9th Cir. 2023)

17.   Defendant's activity satisfies Element 2 of the purposeful direction

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

5

test. Established precedent sets out that the operation of a highly interactive webpage, such as an Amazon product listing, in conjunction with delivery of the product to a buyer in the forum in the regular course of business constitutes conduct that is expressly aiming at the forum state. *Id.* at 1092

18.    Defendant's activity satisfies Element 3 of the purposeful direction test. The falsely advertised products of Defendant are marketed, sold, and shipped to buyers across the United States, including in California. The client is therefore aware of the harm that its products are causing in that state.

19.    Defendant fulfills Prong 2 of the personal jurisdiction test. Plaintiffs' claims allege harm caused by Defendant's sales of falsely advertised products, which arise out of and relate to Defendant's sales of these products to California residents. *See Ayla,* 11 F. 4th at 983.

20.    With Prong 1 and Prong 2 of the personal jurisdiction test satisfied, the burden shifts from Plaintiff to Defendant to show that exercising personal jurisdiction would be unreasonable. *See Schwarzenegger,* 374 F.3d at 802.

21.    Plaintiffs are suffering and will continue to suffer irreparable and indivisible injury and substantial damages as a result of Defendant's false advertisement of product characteristics and/or qualities, unfair competition, and trademark infringement.

22.    Plaintiffs' injuries arise from Defendant's forum-related activities. Defendant's offer to sell, sales, and distribution of the misrepresented products to California residents is a but for cause of all of the false advertisement, unfair competition, and trademark infringement alleged in this action. Defendant knows or should know that the false advertisement of products on online marketplaces that target the entire United States is likely to injure California residents, which comprises the largest market in any of the individual states.  Asserting personal jurisdiction over Defendant is thus entirely reasonable.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

**THE PARTIES**

1

2       23.     Plaintiffs are California corporations that have their principal place of

3   business at 1931 Santa Anita Avenue, South El Monte, California 91733.

4       24.     Plaintiffs advertise, sell, and distribute personal enclosures online,

5   throughout the United States.

6       25.     Defendant is an Ohio limited liability company.

7       26.     Defendant conducts business throughout the United States, including

8   within California and in this Judicial District, via online marketplaces operating

9   under the Defendant Merchant Storefronts. Defendant targets customers across the

10  United States, including California, and has packaged, advertised, offered for sale,

11  and on information and belief, has sold and continues to sell products, including

12  falsely advertised and infringing enclosures, to consumers within the United States

13  and in this Judicial District.

14      27.     The offending advertising statements, which appear in each of

15  Defendant's product listings, have been published on, at least, the Amazon.com

16  online marketplace and have been seen by consumers throughout the country,

17  including this Judicial District.

18      28.     Upon information and belief, Defendant is the past and present

19  controlling force behind the false advertisement of the characteristics and/or

20  qualities of personal enclosures as described herein.

21      29.     Upon information and belief, Defendant directly engages in unfair

22  competition with Plaintiffs by packing, advertising, offering for sale, and selling

23  goods based on the false advertisement of the products' characteristics and/or

24  qualities through several fully interactive, commercial Internet websites and

25  Internet based e-commerce stores operation under, at least, the Defendant Merchant

26  Storefront, the Seller IDs, and any additional domain names, websites, and

27  corresponding website URLs or seller identifications and store URL aliases not yet

28  ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

7

known to Plaintiffs. Defendant has purposefully directed some portion of its illegal activities towards consumers in California through the advertisement, offer to sell, sales, and/or shipment of falsely advertised products into the state.

30.    Upon information and belief, Defendant has registered, established or purchased, and maintained the Defendant Merchant Storefronts and Seller IDs. Upon information and belief, Defendant is infringing on Plaintiffs' trademarks for the use of the terms "bubble tent" and "PrivatePod" in its marketing.

31.    Upon information and belief, Defendant's business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of falsely advertised and infringing goods are essential components of Defendant's online activities and are the means by which Defendant causes harm to Plaintiffs. Moreover, Defendant is using false advertisements and infringing trademarks to drive consumer traffic to its e-commerce stores operating under the Seller IDs, thereby creating and increasing the value of the Seller IDs and decreasing the size and value of Plaintiffs' legitimate consumer marketplace at Plaintiffs' expense.

## COMMON FACTUAL ALLEGATIONS

32.    Plaintiffs are two California corporations. These California corporations distribute and sell personal enclosure products, using the Amazon.com online marketplace, on their independent retail websites, other online platforms and in retail stores throughout the United States. Since their entrance to the personal enclosure product market in 2011 (as to Alvantor Industry Company, Ltd.) and 2020 (as to EighteenTek, Inc.), Plaintiffs have established a reputation for providing quality and innovative products to consumers.

33.    Over the past several years, visibility on the Internet, particularly via Internet marketplaces such as Amazon.com, has become increasingly important to Plaintiffs' overall marketing. Plaintiffs expend significant monetary resources on

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

Internet marketing, including search engine optimization strategies. Those strategies allow Plaintiffs to fairly and legitimately educate consumers about the value associated with the products offered for sale on Plaintiffs' website and in stores. Similarly, Defendant's individual seller stores are featured on the Amazon.com online marketplace and compete directly with Plaintiffs for space in search results.

34.    The products offered for sale on Plaintiffs' websites and online marketplace storefronts have undergone testing, whether conducted in-house or by manufacturing partners, to ensure the accuracy of the product specifications advertised.

35.    Plaintiffs recognize the importance of accurately advertising their personal enclosures to ensure the ability of consumers to compare similar personal enclosures and select the product that best suits their preferences and needs. Plaintiffs have always and continue to accurately advertise the characteristics and/or qualities of the products promoted, offered for sale, and sold via their Amazon.com storefronts, independent retail websites.

36.    Defendant offers for sale, sells, and distributes personal enclosures in the United States through the use of Internet based e-commerce stores, such as, at least, Amazon.com.

37.    Defendant's individual seller's stores use similar search engine optimization strategies and compete directly with Plaintiffs for space in the Amazon.com search results.

38.    This lawsuit arises, in part, out of Defendant's individual product listings and/or descriptions on Amazon.com that are literally false. Defendant's product listings, descriptions, and product specifications set forth explicit, quantified representations to consumers about the materials used in the structural poles for the personal enclosures that are knowingly false.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

39.    Upon information and belief, in an attempt to delude consumers into the false belief that Defendant's personal enclosures are the equal of, or are superior to, Plaintiffs' personal enclosures, Defendant's advertisements explicitly claim that each of their personal enclosures include aluminum or fiberglass tent poles.

40.    Upon information and belief, Defendant's tent poles for its personal enclosures are made of steel or another magnetic, ferrous metal that is not aluminum or fiberglass.

41.    Recognizing the importance of advanced structural components in personal enclosures to customers, Defendant has made the false claims of aluminum or fiberglass tent pole construction as a highlighted feature in their product advertisements, listings, and descriptions.

42.    Defendant explicitly asserts this fact in the "about this product" description in its Amazon product listing. Representative examples of the Amazon.com product descriptions, as well as photographs of the physical poles of these respective test products and inspected by Plaintiff, are shown below:

| Materials & Care | |
|---|---|
| Material Type | Oxford 210 polyester |
| Product Care Instructions | Hand Wash |
| Pole Material Type | Aluminum |
| Fabric Type | plastic, polyester |
| Base | Oxford 210 polyester |
| Stake Material | Aluminum |
| Tent Floor Material | Oxford polyester |
| Rainfly Material | Pvc |

See Ex. A at 7.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



See Ex. B at 7.



See Ex. C at 2.



See Ex. D at 2.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

43.     As described in detail herein, the advertising statements made by Defendant asserting the aluminum and fiberglass tent pole construction of its personal enclosure products are literally false.

44.     In fact, independent testing commissioned by Plaintiffs demonstrates that the material used in these enclosure poles is strongly magnetic, which indicates that they are not constructed from either pure aluminum or fiberglass,[1] but rather from an inferior, eco-unfriendly steel material that is susceptible to rusting in the elements.

45.     Defendant's false advertisements are intended to deceive consumers concerning the supposed material quality of their personal enclosures, and consumers have actually relied and will continue to rely upon these false claims.

46.     Strength, durability (rust resistance), lightness, and ecological sustainability are some of the most important criterion to consumers looking to purchase a personal enclosure.  Further, Plaintiffs' and Defendant's products appear in the same search results, making the material quality of the personal enclosure poles one of the only differentiating factors.

47.     Defendant's false advertisements are especially harmful because average consumers are unable to independently verify Defendant's statements

---

[1] Additional links to Defendant's products that make similar claims about the enclosures' pole material are listed below. These product listings are exclusive of those products that have been physically reviewed by Plaintiffs.

https://a.co/d/0550Jr6
https://a.co/d/fQpkoVh
https://a.co/d/0oPKOUi
https://a.co/d/99zIawc
https://a.co/d/hXdGSos
https://a.co/d/dGLHdwK
https://a.co/d/dLD77UY

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

about the type of material that the personal enclosure poles are constructed from due to the specialized knowledge required to distinguish aluminum and fiberglass from other materials.  Specifically, the average tent consumer cannot, as a practical matter, confirm whether the tent frame is composed of aluminum or fiberglass, as Defendant falsely claims in its promotional materials, because the poles are stitched in a polyester casing.  Knowing that an ordinary purchaser would almost never inspect the poles within the casing, Defendant believed that the false claims would go undetected.

48.    Viewers of Defendant's advertising who would otherwise be likely to consider Plaintiffs' accurately advertised and equally quality personal enclosures will inescapably take away the false message that they can achieve greater personal enclosure structural integrity with Defendant's personal enclosures.

49.    Upon information and belief, Defendant's false advertisements and unfair competition have already hurt Plaintiffs' sales and profits by leading consumers to consider Defendant's falsely advertised products. Defendant's false claims will continue to do so unless they are enjoined from making the advertising statements challenged in this Complaint.

50.    Plaintiffs confirmed that Defendant were and/or is still currently offering for sale and/or selling falsely advertised products to the consuming public via Internet based e-commerce stores on at least, the Amazon.com online marketplace, and that Defendant provides shipping and/or has actually shipped falsely advertised products to customers located within this Judicial District.

51.    Defendant is engaging in the above-described illegal advertising activities knowingly and intentionally with the intention of deceiving the consuming public. If Defendant's intentional false advertising activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

52.    Defendant's above identified false advertisements are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing that Defendant's products are superior to market competitors, including Plaintiffs', which they are not.

53.    Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendant's false advertising and unfair competition. If Defendant's deceptive activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

54.    The harm and damages sustained by Plaintiffs has been directly and proximately caused by Defendant's advertisement, promotion, offering to sell, and sale of their falsely advertised products.

55.    Alvantor is the owner and registrant of U.S. Trademark Reg. No. 7,490,401 for the mark, "Bubble Tent" (hereinafter the '401 Mark.)  The goods and services covered by the '401 Mark are clear pop-up tents. The '401 Mark was issued as a federal trademark registration to Alvantor by the U.S. Patent and Trademark Office on August 27, 2024. A true and correct copy of the '401 Registration is attached as Exhibit E.

56.    The '401 Mark has been in commercial use since at least as early as January 12, 2020.

57.    Alvantor is additionally the owner and registrant of U.S. Trademark Reg. No. 6,150,621 (hereinafter '621 Mark) for the mark, "PrivatePod." The '621 Mark covers tent flies; tents; tents comprised primarily of tensile fabric membranes; tents for mountaineering or camping; tents made of textile materials; bed tents; grow tents; rain flies for tents; gazebos not primarily of metal; portable gazebos not primarily of metal; and bed canopies. The '621 Mark was issued as a

federal trademark registration to Alvantor by the U.S. Patent and Trademark Office on September 15, 2020. A true and correct copy of the '621 Registration is attached as Exhibit F.

58.    The '621 Mark has been in commercial use since at least as early as June 30, 2019.

59.    As a result of Plaintiffs' investment in its marks, and the widespread success of its products, Plaintiffs have developed a tremendous amount of goodwill in their marks. Customers in this Judicial District and elsewhere readily recognize Plaintiffs' marks as distinctive designations of origin for Plaintiffs' products.

60.    Without authorization from Plaintiffs, Defendant has prominently displayed, and continues to prominently display the marks "bubble tent" and "PrivatePod" on their websites and third-party e-commerce websites in connection with all of their personal enclosures, including by using these marks in product descriptions.

61.    On information and belief, Defendant knew about Plaintiffs' rights in the above-described marks when it engaged in this conduct.

62.    On information and belief, Defendant has used the mark "bubble tent" in connection with the sale, offer for sale, distribution, and advertisement of its clear enclosures. Representative examples of the use of these marks are shown below:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



See Ex. G at 2.

63.    On information and belief, Defendant has used the mark "privacy pods" in connection with the sale, offer for sale, distribution, and advertisement of its **all** of its enclosures on Amazon.com including but not limited to MyPod, StadiumPod, Pop-Up Pod, Mini Pod, Chairpod, Walking Pod. A representative example of the use of these marks are shown below:

17

18

19

20

21

22

23

24

25

26

27

28

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT



**Any Pod for Any Need**

Choose among personal pods,
family pods, sports pods, wearable
pods, privacy pods and more.

See Exs. A and B at 5.

64. On information and belief, Defendant has marketed, advertised, sold, and offered for sale its enclosures in a manner deliberately intended to cause consumer confusion and mistake as to the source and origin of its goods, and intending to trade upon the goodwill and substantial recognition associated with Plaintiffs' marks. By using marks such as "bubble tent" and "Privacy Pods," in association with their commercial efforts, Defendant has infringed Plaintiffs' rights and unfairly traded on Plaintiffs' protected intellectual property. Defendant's use of these marks causes consumer confusion when used to promote, market, and sell Defendant's goods.

65. On information and belief, Defendant's unauthorized use of the Plaintiffs' marks is intended to trade upon the goodwill and substantial recognition associated with Plaintiffs' marks.

66. On information and belief, Defendant has used its marks in an attempt to associate their products with Plaintiffs and Plaintiffs' marks, to cause mistake or deception as to the source of Defendant's products, and/or to otherwise trade on Plaintiffs' valuable reputation and customer goodwill in Plaintiffs' marks.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

67.    Plaintiffs are informed and believe, and on that basis allege, that Defendant's use of their marks is designed to cause confusion, mistake, or deception.

68.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Plaintiffs' business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of, or origin, or relationship of Plaintiffs and Defendant's goods, has caused actual confusion, and has otherwise competed unfairly with Plaintiffs by unlawfully trading on and using Plaintiffs' marks without Plaintiffs' permission or consent.

69.    Plaintiffs are informed and believe, and on that basis allege, that Defendant's acts complained of herein are willful and deliberate.

70.    Defendant's acts complained of herein have caused damage to Plaintiffs in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful actions and infringements.

71.    Defendant's infringement acts complained of herein have caused Plaintiffs to suffer irreparable injury to their business. Plaintiffs will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

72.    In this action, Plaintiffs allege that Defendant has engaged in false advertising and unfair competition in violation of Section 43(a) of the Lanham Act and in violation of California law and trademark infringement arising under 15 U.S.C.§ 1114. Plaintiffs seek permanent injunctive relief, statutory punitive, compensatory and enhanced damages, its costs, attorneys' fees and disgorgement of Defendant's profits.

## <u>COUNT I</u>

## <u>FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)</u>

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

73.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 72 of the Complaint as if set forth herein.

74.    The foregoing acts of Defendant constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

75.    Defendant has made and is continuing to make materially false statements of fact about the characteristics and/or qualities of the materials used in the construction of its personal enclosures in its online product listings and descriptions.

76.    These literally false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

77.    Defendant's statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendant's false statements in making their personal enclosure purchasing decisions.

78.    Defendant has caused its false statements to enter interstate trade or commerce.

79.    As a direct and proximate result of Defendant's false and deceptive campaign, Plaintiffs are suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

80.    Defendant's false advertising is knowing and willful. Plaintiffs are entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendant's profits.

81.    Because of Defendant's deliberate, willful, and/or bad faith conduct, Plaintiffs are entitled to a determination that is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

## COUNT II
## FALSE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE §

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

**17200, ET SEQ ("FAL")**

82.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 81 of the Complaint as if set forth herein.

83.    The foregoing acts of Defendant constitute false advertising and false representations in violation of Cal. Bus. & Prof. Code § 17200, et seq ("FAL").

84.    Defendant has made and are continuing to make materially false statements of fact about the characteristics and/or qualities of the materials used in the construction of their personal enclosures in their online product listings and descriptions.

85.    These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

86.    Defendant's statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendant's false statements in making their personal enclosure purchasing decisions.

87.    Defendant has caused their false statements to enter interstate trade or commerce.

88.    As a direct and proximate result of Defendant's false and deceptive campaign, Plaintiffs are suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

89.    Defendant's false advertising is knowing and willful. Plaintiffs are entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendant's profits.

**COUNT III**

**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

90.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 89 of the Complaint as if set forth herein.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

91.     The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act.

92.     Defendant has made and is continuing to make materially false statements of fact about the characteristics and/or qualities of the materials used in the construction of its personal enclosures in its online product listings and descriptions.

93.     Defendant's use of the materially false statements is likely to cause confusion, mistake, and deceive as to the quality of the Defendant's personal enclosure products.

94.     Plaintiffs are informed and believe, and on that basis allege, that Defendant did so with the intent to cause confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are of superior quality to Plaintiffs' products, when they are not.

95.     Plaintiffs are informed and believe, and on that basis alleges, that Defendant had actual knowledge of its misrepresentation of the quality of the materials used in its personal enclosures and has therefore willfully violated 15 U.S.C. § 1125(a).

96.     Defendant's aforementioned acts have injured Plaintiffs and has damaged Plaintiffs in an amount to be determined at trial.

97.     By its actions, Defendant is irreparably injuring Plaintiffs. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiffs' rights for which Plaintiffs have no adequate remedy at law.

## COUNT IV

## UNFAIR OR UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ET SEQ ("FAL")

98.     Plaintiffs reallege Paragraphs 1-97, as if fully set forth herein.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

99. This is a claim for unfair competition arising under Cal. Bus. & Prof. Code § 17200, et seq.

100. By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among the consumers and public and have unfairly competed in violation of Cal. Bus. & Prof. Code § 17200, et seq.

101. Defendant's acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Plaintiffs.

102. As a direct and proximate result of Defendant's acts complained of herein, Plaintiffs have and will continue to suffer great harm and damage.

103. Plaintiffs will continue to be irreparably damaged unless Defendant is enjoined from further committing unfair and unlawful business practices against Plaintiffs.

## COUNT VI

## TRADEMARK INFRINGMENT IN VIOLATION OF 15 U.S.C. § 1114

104. Plaintiffs reallege Paragraphs 1-103, as if fully set forth herein.

105. Alvantor is the owner and registrant of the '401 Mark for "bubble tent."

106. Defendant uses, and/or continues to use, in commerce a reproduction, counterfeit, copy, or colorable imitation of Alvantor's registered mark "bubble tent" in connection with the sale, offering for sale, distribution, or advertising of clear enclosures, and such use is likely to cause confusion, or to cause mistake, or to deceive.

107. Defendant has advertised its clear, pop-up tents on sales platforms such as Amazon.com, and, on information and belief, on other sales platforms.

108. Defendant's use of the mark "bubble tent" in connection with its sale of clear enclosures is not authorized by Plaintiffs.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

109.    Plaintiffs are informed and believe, and on that basis allege, that Defendant did so with the intent to cause confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by Plaintiffs, when they are not.

110.    Plaintiffs are informed and believe, and on that basis allege, that Defendant had actual knowledge of Plaintiffs' ownership and prior use of its marks and without the consent of Plaintiffs, has willfully violated 15 U.S.C. § 1114.

111.    Defendant's aforementioned act has injured Plaintiffs and damaged Plaintiffs in an amount to be determined at trial.

112.    By its actions, Defendant is irreparably injuring Plaintiffs. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiffs' rights, for which Plaintiffs have no adequate remedy at law.

## COUNT V

## TRADEMARK INFRINGMENT IN VIOLATION OF 15 U.S.C. § 1114

113.    Plaintiffs reallege Paragraphs 1-112, as if fully set forth herein.

114.    Alvantor is the owner and registrant of the '621 Mark for "PrivatePod."

115.    Defendant uses, and/or continues to use, in commerce a reproduction, counterfeit, copy, or colorable imitation of Alvantor's registered mark "PrivatePod" in connection with the sale, offering for sale, distribution, or advertising of all of its enclosures, and such use is likely to cause confusion, or to cause mistake, or to deceive.

116.    Defendant has advertised its enclosures on sales platforms such as Amazon.com, and, on information and belief, on other sales platforms.

117.    Defendant's use of the mark "Privacy Pods" in connection with its sale of clear enclosures is not authorized by Plaintiffs.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

118.   Plaintiffs are informed and believe, and on that basis allege, that Defendant did so with the intent to cause confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by or approved by Plaintiffs, when they are not.

119.   Plaintiffs are informed and believe, and on that basis allege, that Defendant had actual knowledge of Plaintiffs' ownership and prior use of its marks and without the consent of Plaintiffs, has willfully violated 15 U.S.C. § 1114.

120.   Defendant's aforementioned act has injured Plaintiffs and damaged Plaintiffs in an amount to be determined at trial.

121.   By its actions, Defendant is irreparably injuring Plaintiffs. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiffs' rights, for which Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs demand judgement on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a) Entry of a temporary, preliminary injunction pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant from engaging in false advertising with respect to the type of material that the tent poles of their products are constructed from.

b) Permanently enjoining Defendant from engaging in false advertising with respect to the type of material that the tent poles of their products are constructed from.

c) Entry of an Order, pursuant to 15 U.S.C. § 1117(a), directing Defendant to account for, and pay over to Plaintiffs, all gains, profits and advantages derived by Defendant from the above-described wrongful acts.

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT

1

2

3

4

5

d) In accordance with a determination that this is an exceptional case within the meaning of section 35 of the Lanham Act, entry of an award, pursuant to 15 U.S.C. § 1117(a), of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

6

7

8

e) Entry of an award for monetary damages sustained by Plaintiffs as a result of Defendant's unlawful conduct, in an amount to be proved at trial.

9

f) Entry of an award of pre-judgment interest on the judgment amount.

10

11

g) Entry of an order for any further relief as the Court may deem just and proper.

12

### **DEMAND FOR A JURY TRIAL**

13

Plaintiffs respectfully demand a trial by jury on all claims.

14

Date:  September 9, 2025

15

16

17

18

19

20

21

Respectfully submitted,
By:/s/ Xiyan Zhang_____
Xiyan Zhang (Pro Hac Vice)
Pete S. Wolfgram (Pro Hac Vice)
STRATUM LAW LLC
2424 E. York St. Ste. 223
Philadelphia, PA
xzhang@stratumlaw.com
pwolfgram@stratumlaw.com
Attorneys for Plaintiffs

22

23

24

25

26

27

28

ALVANTOR INDUSTRY COMPANY, LTD'S AND EIGHTEENTEK, INC.'S COMPLAINT