UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | | Date | March 11, 2026 |
|---|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**      **(IN CHAMBERS) ORDER DENYING MOTION TO DISMISS [29]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. ECF 29.  The Court read and considered the moving, opposing, and reply papers and held a hearing on December 15, 2025.  ECF 34.  For the reasons stated herein, the Court **DENIES** the Motion.

## I.      BACKGROUND[1]

Plaintiffs Alvantor Industry Company, Ltd. ("Alvantor") and EighteenTek, Inc. ("EighteenTek") (collectively, "Plaintiffs") filed this action against Defendant Under the Weather, LLC ("Defendant" or "UTW") for false advertising and trademark infringement.

Plaintiffs are California corporations that distribute and sell personal enclosure products on online platforms including Amazon.com and in retail stores throughout the United States. ECF 28 ¶ 31.  Plaintiffs have expended "significant monetary resources on Internet marketing, including search engine optimization strategies."  *Id.* ¶ 32.  Defendant also sells personal enclosure products (the "Products") on Amazon.com, which "compete directly with Plaintiffs for space in search results."  *Id.* ¶¶ 32, 34.

---

[1] The factual background is described as alleged in Plaintiff's First Amended Complaint ("FAC").  When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

### A.    False Advertising Allegations

Plaintiffs' claims arise in part out of Defendant's product listings and/or descriptions on Amazon.com that Plaintiff alleges "are literally false." *Id.* ¶ 36. Plaintiffs allege that Defendant's online product listings "affirmatively represent[] that the Products are made in the USA." *Id.* ¶ 37. That representation is false, however, because "the Products are exclusively made in China and imported into the US." *Id.* ¶ 38. Defendants falsely label its Products as being "Made in the USA" to exploit the heightened demand among consumers for products with such a label. *Id.* ¶ 40. The FAC includes a screenshot of one such product listing, which includes a bullet point stating "Made in the USA or Imported." *Id.* ¶ 41. Plaintiffs allege that Defendant knew or should have known that consumers would rely on those representations and reasonably believe that the Products are made in the USA, and that such representations would be material to consumers' decisions to purchase the Products. *Id.* ¶¶ 44–48.

In addition, because Plaintiffs' and Defendant's products appear in the same search results, the material quality of the personal enclosure poles is "one of the only differentiating factors" between their products. *Id.* ¶ 56. Plaintiffs claim that Defendant advertises its Products as including "aluminum or fiberglass tent poles, or framing," when in reality, Defendant's tent poles "are made of steel or other magnetic, ferrous metal that is not aluminum or fiberglass." *Id.* ¶¶ 49–50. Plaintiff claims that "independent testing by Plaintiff's counsel demonstrates that the material used in these enclosure poles is strongly magnetic, which indicates the framing is not constructed from either pure aluminum or fiberglass, but rather from an inferior, eco-unfriendly steel material that is susceptible to rusting in the elements." *Id.* ¶ 54. Consumers have actually relied on these false claims concerning the strength, durability, lightness, and ecological sustainability of the Products. *Id.* ¶ 55. These false advertisements have "hurt Plaintiffs' sales and profits by leading consumers to consider Defendant's falsely advertised products." *Id.* ¶ 59.

### B.    Trademark Infringement Allegations

Alvantor is the owner and registrant of U.S. Trademark Reg. No. 7,490,401 for the mark, "Bubble Tent" (the "'401 Mark"), which was issued by the U.S. Patent and Trademark Office on August 27, 2024. *Id.* ¶ 65. The '401 Mark covers clear pop-up tents and has been in commercial use since at least January 12, 2020. *Id.* ¶¶ 65–66. Plaintiffs have developed goodwill in the '401 Mark, and customers recognize the mark as distinctive designations of origin for Plaintiffs' products. *Id.* ¶ 67. Without authorization, Defendant has displayed the mark "bubble tent" on its websites and third-party online marketplaces in connection with the sale of their Products. *Id.* ¶ 68. Defendant has marketed and sold its Products "in a manner deliberately intended to cause consumer confusion and mistake as to the source and origin of its goods, and intending to trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

upon the goodwill and substantial recognition associated with" the '401 Mark. *Id.* ¶ 71. The use of this mark is designed to cause confusion, mistake, or deception, and has caused a strong likelihood of consumer confusion as well as actual confusion. *Id.* ¶ 75.

Based on these allegations, Plaintiffs assert 13 causes of action for: (1) false advertising in violation of 15 U.S.C. § 1125(a) based on the "False USA Labeling"; (2) false advertising in violation of 15 U.S.C. § 1125(a) based on the "False Product Material Statements"; (3) false advertising in violation of California Business and Professions Code § 17200 ("UCL")[2] based on the "False Made in the USA Labeling"; (4) false advertising in violation of the UCL based on the "False Product Material Statements"; (5) unfair competition in violation of 15 U.S.C. § 1125(a); (6) trademark infringement in violation of 15 U.S.C. § 1114; (7) unfair or unlawful business practices in violation of the UCL based on trademark infringement; (8) violation of California's False Advertising Law ("FAL") based on the "False Made in the USA Labeling"; (9) false advertising in violation of the FAL based on the "False Product Material Statements"; (10) intentional misrepresentation based on the "False Made in the USA Labeling"; (11) intentional misrepresentation based on the "False Product Material Statements"; (12) negligent misrepresentation based on the "False Made in the USA Labeling"; and (13) negligent misrepresentation based on the "False Product Material Statements." *See generally* ECF 28.

### C.    Procedural History

Plaintiffs initiated this action on September 10, 2025. ECF 1. Defendant moved to dismiss the original complaint on October 9, 2025. ECF 21. Plaintiffs filed the FAC on October 29, 2025. ECF 28. Defendant filed the instant Motion to Dismiss on November 12, 2025. ECF 29.

Defendant had previously filed suit against Plaintiffs on October 4, 2023, asserting various trademark infringement, unfair competition, and false advertising claims. *See Under the*

---

[2] Count III and Count IV each purport to be brought under California Business and Professions Code § 17200, which the FAC erroneously refers to as the "FAL" (False Advertising Law). ECF 28 ¶¶ 99, 107. California's False Advertising Law ("FAL") is codified at California Business & Professions Code § 17500 and is the basis for Counts VIII and IX of the FAC. The Court understands Counts III and IV to be brought under the UCL, which, like the FAL, prohibits false advertising or promotional practices that are likely to deceive members of the public. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) (recognizing that "any violation of the false advertising law . . . necessarily violates the UCL" (cleaned up)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
| --- | --- | --- | --- |
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

*Weather, LLC v. Alvantor Industry Company, Ltd. et al.*, Case No. 2:23-cv-08343-MRA-E (the "UTW Action"). This matter was designated as related to the UTW Action and transferred to the undersigned judge on October 10, 2025, pursuant to General Order No. 24-04 § II.I.1.b. ECF 24.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. "On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing *Coal. for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). In other words, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.   DISCUSSION

Defendant asserts two arguments why the FAC should be dismissed: (1) Plaintiffs' claims were compulsory counterclaims in the UTW Action, and (2) Plaintiffs failed to sufficiently plead that UTW made a false or misleading statement of fact by using the label "Made in the USA." The Court addresses each argument in turn.

### A.   Whether Plaintiffs' Claims Were Compulsory Counterclaims in the UTW Action

Federal Rule of Civil Procedure 13(a) provides in relevant part:

A pleading must state as a counterclaim any claim that—at the time of its service— the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

In the Ninth Circuit, a counterclaim is compulsory if there is any "logical relationship" between the claim and the counterclaim. *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005)). "What matters is not the legal theory but the *facts*." *Id.* "A counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *see also Local Union No. 11, Int'l Bhd. of Elec. Workers, AFL-CIO v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again.").

UTW argues that Plaintiffs' claims "all arise from the same common nucleus of facts as the [UTW Action]." ECF 29 at 10. UTW points out that the FAC refers to product listings "for the same products that use the trademarks asserted by UTW in the [UTW Action]." *Id.* Thus, according to UTW, "all of the claims in the [FAC] rely on facts that were in existence and known to Alvantor at the time of the [UTW Action]," and the claims must be dismissed as compulsory counterclaims. UTW's Motion includes a table comparing the product listings identified in the FAC and in Alvantor's Joint Exhibit List in the UTW Action. *Id.* at 10–12. UTW also claims that the product that is the subject of Plaintiffs' trademark infringement claims, which uses the "Bubble Tent" mark, also bears the "Under the Weather" mark, which is the subject of UTW's claims in the UTW Action. *Id.* at 15. UTW claims that Plaintiffs could have, and should have, brought their claims in the UTW Action.

Plaintiffs respond that "the facts necessary to prove each parties' respective trademark infringement claims in the two actions clearly do not overlap" because "the claims are based on different trademarks." ECF 30 at 12. Plaintiffs further argue that the facts and evidence necessary to prove their false advertising claims are not related to the claims asserted in the UTW Action at all. *Id.* at 13. According to Plaintiffs, their claims are based on specific statements used in UTW's Amazon product pages, and the fact that the products themselves bear the marks asserted in the UTW Action "is not an operative fact in Alvantor's claims." *Id.* at 15.

The Court concludes that the claims asserted by UTW in the UTW Action and the claims asserted by Plaintiffs in this action do not arise from the same set of aggregate facts, and the logical relationship test is therefore not satisfied. As UTW explains, its trademark infringement claims are based on allegations that Plaintiffs "created infringing versions of UTW's tents, and they used UTW's trademarks," including "UNDER THE WEATHER" and "WEATHERPOD," to sell those infringing products. ECF 29 at 8. Thus, the facts underlying UTW's claims concern UTW's ownership of those marks, and Plaintiffs' alleged infringement of those marks in the sale of *Plaintiffs'* products. In this action, by contrast, Plaintiffs' claims are based on statements made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

by UTW in product listings and the alleged infringement of Plaintiffs' marks on *UTW*'s products. The factual connection identified by UTW—that the products alleged to infringe on Plaintiffs' marks also bear UTW's own marks—does not compel the conclusion that the "the same operative facts serve as the basis of both claims." *Mattel*, 705 F.3d at 1110.

*Mattel* is instructive. In that case, the Ninth Circuit found that the logical relationship test was not satisfied because although "Mattel asserted many claims that covered numerous interactions between Mattel and MGA, Mattel's specific allegations regarding trade secrets were that several of their employees . . . defected to MGA and disclosed Mattel's trade secrets." *Id.* "By contrast, MGA's trade-secret claim rested on allegations that Mattel's employees stole MGA trade secrets by engaging in chicanery (such as masquerading as buyers) at toy fairs." *Id.* Thus, "[t]hat both Mattel and MGA claimed they stole each other's trade secrets isn't enough to render MGA's counterclaim compulsory." *Id.* Here, too, the fact that UTW and Plaintiffs each claim that the other infringed their trademarks is not enough to render Plaintiffs' claims compulsory counterclaims, where the claims are based on entirely different marks as well as separate statements that do not involve trademark infringement at all. The existence of some factual overlap between the claims is not sufficient, on its own, to render Plaintiffs' claims compulsory under Rule 13 where the claims themselves rest on different factual bases. *Grupo Salinas Inc. v. JR Salinas Wheels & Tires Inc.*, No. SACV 16–1923 JVS (KESX), 2017 WL 2972339, at *3 (C.D. Cal. Jan. 30, 2017) (finding counterclaims for state labor violations were not logically related to plaintiff's claims of trademark infringement even though claims overlapped as to "the existence of an employment relationship").

For these reasons, the Court concludes that Plaintiffs' claims were not compulsory counterclaims in the UTW Action.[3]

**B.    Whether Plaintiffs Have Adequately Pled False or Misleading Statements**

UTW argues that Plaintiffs have failed to allege any false or misleading statement sufficient to support its claims because the product listings identified in the complaint use the phrase "Made in the USA or Imported." ECF 29 at 18. UTW contends that Plaintiffs cannot selectively interpret individual words or phrases from a product's label, and a consumer's unreasonable assumption about a label will not support false advertising claims. *Id.* UTW also

---

[3] Plaintiffs also argue compulsory counterclaims are only barred in a subsequent suit by the doctrine of res judicata when the prior action has reached final judgment. ECF 30 at 9. Having concluded that the logical relationship test is not satisfied, the Court does not reach this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

argues that to the extent Plaintiffs allege such misstatements violate FTC policy on U.S. origin statements, any such violation is irrelevant to Plaintiffs' claims. *Id.* at 19.

Plaintiffs respond that the statement "Made in the USA" is literally false because none of UTW's products are made in the United States, and the "or imported" language does not render the statement true because "[c]onsumers obviously have no way of knowing whether the product is made in the USA 'or' imported." ECF 30 at 19.

Plaintiffs' state law claims under the UCL and FAL are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Under the reasonable consumer standard, [Plaintiffs] must show that members of the public are likely to be deceived." *Id.* (quotation marks omitted). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriation for decision on [a motion to dismiss]." *Id.*

Similarly, under the Lanham Act, Plaintiffs must plausibly allege that the defendant made a false or misleading representation of fact in commercial advertising or promotion about the defendant's goods, services, or commercial activities. 15 U.S.C. § 1125(a)(1)(B). "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farmers v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (citing *Castrol, Inc. v. Penzoil Co.*, 987 F. 2d 939, 943 (3d Cir. 1993)). As with Plaintiffs' state law claims, "[w]hether a particular statement is false or misleading under the Lanham Act is a question of fact." *California Expanded Metal Prods. Co. v. Klein*, No. C18-0659JLR, 2018 WL 6065644, at *8 (W.D. Wash. Nov. 20, 2018) (citing *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008)).

Accepting Plaintiffs' well-pleaded allegations as true and drawing inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have sufficiently alleged that UTW's representations regarding the origins of its products are false or misleading. Although deceptive advertising claims may not be based on a plaintiff's "unreasonable or fanciful interpretations of labels," *Moore v. Trader Joe's Co.*, 4 F.4th 874, 883 (9th Cir. 2021), UTW does not identify any authority establishing that it would be unreasonable for a consumer to believe that the statement "Made in the USA or Imported" means that the product was made in the United States. Indeed, such a statement implies that *some* of UTW's products are made in the United States, which could deceive a reasonable consumer as to the nature of UTW's business practices in light of Plaintiffs' allegations that *none* of UTW's products are, in fact, made in the United States. Thus, whether UTW's product statements would deceive a reasonable customer is a question of fact "not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08574-MRA-E | Date | March 11, 2026 |
|---|---|---|---|
| Title | *Alvantor Industry Co. Ltd. et al. v. Under The Weather, LLC* | | |

appropriate for decision" on UTW's motion to dismiss.   *Williams*, 552 F.3d at 938.

For these reasons, UTW's motion to dismiss Plaintiffs' false advertising claims relating to the alleged use of the phrase "Made in the USA" for failure to state a claim is **DENIED.**

**IV.     CONCLUSION**

For the foregoing reasons, the Motion to Dismiss Plaintiffs' First Amended Complaint [29] is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk      mku